Mr. C. Dean Lewis Suwannee County Attorney 224 Pine Avenue Live Oak, Florida 32060
Dear Mr. Lewis:
You ask substantially the following question:
May the Board of County Commissioners provide by ordinance that the county commission will perform the functions of the Board of Adjustment without violating the dual officeholding prohibition contained in Article II, section 5(a), Florida Constitution?
In sum:
The designation by ordinance of the Board of County Commissioners to perform the functions of the Board of Adjustment would appear to be an ex officio designation and thus would not violate the dual officeholding prohibition contained in Article II, section5(a), Florida Constitution.
Article II, Section 5(a) of the Florida Constitution provides in pertinent part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers.
Thus, the above provision prohibits a person from simultaneously serving in more than one "office" under the governments of the state, counties, or municipalities. This office has concluded that the constitutional prohibition applies to both elected and appointed offices.[1]
While the constitution does not define the term "office," the courts have stated that the term "implies a delegation of a portion of the sovereign power . . . and embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract."[2] Clearly membership on the governing body of a county constitutes an office.[3] Moreover, this office has, after reviewing the powers granted to boards of adjustment, concluded that a member of such a board is an officer for purposes of Article II, section 5(a), Florida Constitution.[4]
The courts and this office, however, have recognized that the legislative designation of an officer to perform ex officio the functions of another or additional office does not violate the dual officeholding prohibition, provided that the duties imposed are consistent with those being exercised.[5] The newly assigned duties are viewed as an addition to the existing duties of the officer.
Thus, for example, this office in Attorney General Opinion 81-72 stated that a city council, as the legislative body of a municipality, may impose by ordinance the ex officio duties of the office of city manager on the city clerk. Similarly, Attorney General Opinion 82-92 concluded that, when so designated by ordinance, the members of the code enforcement board could serve as the ex officio members of a minimum housing and commercial property appeals board.
Your letter indicates that the board of county commissioners has designated the members of the county commission to serve as the members of the board of adjustment. The ordinance thus appears to impose such additional duties on the members of the county commission by virtue of their membership on the county commission. Accordingly, the imposition of such additional or ex officio duties on the members of the county commission would not violate the constitutional prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Op. Att'y Gen. Fla. 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] See generally, Op. Att'y Gen. Fla. 72-349 (1972) (member of city's governing body is an officer for purposes of dual officeholding prohibition); Art. VIII, s. 1(e), Fla. Const. (governing body of a county, unless provided otherwise by county charter, is board of county commissioners).
[4] See, Ops. Att'y Gen. Fla. 84-25 (1984) and 85-21 (1985).
[5] See, State v. Florida State Turnpike Authority, 80 So.2d 337
(Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939); City of Riveria Beach v. Palm Beach Solid Waste Authority,502 So.2d 1335 (Fla. 4th DCA 1987) (special act authorizing county commissioners to sit as members of county solid waste authority does not violate Art. II, s. 5, Fla. Const.); City of Orlando v. State Department of Insurance, 528 So.2d 468 (Fla. 1st DCA 1988). And see, Op. Att'y Gen. Fla. 80-97 (1980) (membership of elected municipal officer on metropolitan planning organization as prescribed by statute does not violate Art. II, s. 5, Fla. Const.).