Mr. Ronald J. Cohen Davie Town Attorney Suite 200 6565 Taft Street Hollywood, Florida 33024
Dear Mr. Cohen:
On behalf of the Town of Davie Police Pension Board of Trustees, you ask substantially the following question:
May a member of the Town's Board of Trustees of the Police Officers Pension Fund simultaneously serve as an assistant city attorney for another municipality in light of the prohibition against dual office holding contained in Article II, section 5(a), Florida Statutes?
In sum:
The dual office holding prohibition in Article II, section 5(a), Florida Constitution, does not prohibit a member of the Town's Board of Trustees of the Police Pension Fund from simultaneously serving as an assistant city attorney in another municipality.
Article II, section 5(a), Florida Constitution, provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers.
This constitutional provision prohibits a person from simultaneously serving in more than one state, county, or municipal office. The prohibition applies to both elected and appointed offices.[1] The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. . . ."[2] The term embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. In contrast, an "employment" does not "comprehend a delegation of any part of the sovereign power."[3]
This office has previously stated that membership on a board of trustees empowered to administer a pension fund constitutes an "office" for purposes of Article II, section 5(a), Florida Constitution.[4] However, in considering the applicability of the dual office holding prohibition to the legal counsel for various governmental entities, this office has generally stated that such positions do not constitute an office within the contemplation of Article II, section 5(a).
For example, in Attorney General Opinion 73-332, this office stated that the position of attorney for the board of county commissioners did not constitute an office. More recently, this office has stated that legal counsel for a local government code enforcement board is not an officer for purposes of the dual office holding prohibition.[5]
Moreover, your inquiry concerns an assistant city attorney who, according to your letter, is responsible for filing and prosecuting city cases in county court, representing the city before the special master for code enforcement, handling general litigation on behalf of the city and representing the city in employment matters. The constitutional prohibition against dual office holding does not generally apply to those persons who are not vested with official powers in their own right but who instead merely exercise certain powers as agents of governmental officers. Thus, for example, this office has stated that assistant state attorneys are not "officers" for purposes of Article II, section5(a), Florida Constitution.[6]
Accordingly, it appears that the position of assistant city attorney is an employment rather than an office. Thus, the constitutional prohibition against dual office holding contained in Article II, section 5(a), Florida Constitution, does not prohibit a member of the town's Board of Trustees of the Police Pension Fund from simultaneously serving as an assistant city attorney in another municipality.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[3] Id.
[4] See, Ops. Att'y Gen. Fla. 94-98 (1994), 90-45 (1990), and 86-106 (1986). The courts and this office, however, have recognized that the imposition of additional or ex officio duties on a municipal officer under the city code or charter to serve on the board of trustees of the police officers' and fire-fighters' pension trust fund would not violate the constitutional dual office holding prohibition. See, Op. Att'y Gen. Fla. 94-98 (1994); and City of Orlando v. State Department of Insurance,528 So.2d 468 (Fla. 1st DCA 1988).
[5] See, Ops Att'y Gen. Fla. 91-13 (1991) and 84-93 (1984).
[6] See, Ops. Att'y Gen. Fla. 71-263 and 71-296 (1971).