Mr. Donald T. Smallwood Kissimmee City Attorney 101 North Church Street Kissimmee, Florida 34741
Dear Mr. Smallwood:
You ask substantially the following question:
Does section 163.367(3), Florida Statutes, prohibit a city commissioner from holding office as a commissioner of a redevelopment agency and, if so, do the provisions of that statute conflict with section 163.357, Florida Statutes?
In sum:
A city commissioner may not also serve as a commissioner of a redevelopment agency unless the entire city commission that created the redevelopment agency declares itself to be the governing body of the redevelopment agency in accordance with section 163.357, Florida Statutes.
The Community Redevelopment Act, codified in Part III of Chapter 163, Florida Statutes, was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, encourage needed community redevelopment, and provide for the redevelopment of slums and blighted areas.[1] Upon making the requisite findings, a county or municipality may create a community redevelopment agency to carry out the purposes set forth in the act.[2]
Section 163.356(2), Florida Statutes, provides that the governing body of the county or municipality creating the community redevelopment agency shall appoint by ordinance a board of commissioners for the agency "which shall consist of not fewer than five or more than seven commissioners." As an alternative to the appointment of the members of the redevelopment agency, section 163.357, Florida Statutes, authorizes the governing body of a county or municipality to designate itself to be a community redevelopment agency.[3] All rights, powers, duties, privileges and immunities vested by the act in a community development agency are then vested in the governing body of the county or municipality.
This office has previously stated that a municipal governing body establishing a community redevelopment agency does not have the authority to alter the composition of the board of commissioners from that prescribed by statute.[4] Accordingly, the city may either designate itself as the board of commissioners or it may appoint the board in accordance with the provisions of section163.356, Florida Statutes.
If the city's governing body designates itself as the board of commissioners, it is bound by the provisions of section 163.357, Florida Statutes, and the entire governing body must serve as the board. Thus, for example, this office concluded in Attorney General Opinion 89-60 that a member of the city council that had designated itself as the community redevelopment agency pursuant to section 163.357, Florida Statutes, could not resign as a community redevelopment agency commissioner and still retain his position on the city council. The opinion states:
"The two positions work in tandem; to be a member of the city council entails being a member of the board of commissioners of the redevelopment agency. Once the governing body has elected to serve as the board of commissioners for the community redevelopment agency, the individual members of the governing body of the municipality would appear to be bound by such an election."
Accordingly, either the entire governing body of the city must serve as the community redevelopment agency's board of commissioners, or it must appoint a board of commissioners in accordance with section 163.356, Florida Statutes. While section163.357(1)(c), Florida Statutes, permits a city's governing body to appoint two additional members when the governing body consists of only five members, it does not provide for or otherwise authorize the board to appoint individuals to replace members of the governing body on the board of commissioners.
You refer to section 163.367(3), Florida Statutes, which provides:
"No commissioner or other officer of any community redevelopment agency, board, or commission exercising powers pursuant to this part shall hold any other public office under the county or municipality other than his or her commissionship or office with respect to such community redevelopment agency, board, or commission."
The provisions of section 163.357, Florida Statutes, expressly authorizing the governing board of the city or county creating the community redevelopment agency to sit as that agency's board of commissioners would appear to operate as an exception to the general prohibition contained in section 163.367(3), Florida Statutes.
From the information provided to this office, however, it does not appear that the city commission of the City of Kissimmee currently serves as the board of commissioners of the community redevelopment agency. While you have advised that the city designated itself as the board of commissioners at the time of the community redevelopment agency's creation, you state that the current board of commissioners consists of six citizens and one city commissioner. Thus, the city is no longer operating under section 163.357, Florida Statutes, and the exception afforded by that section to the general prohibition of section 163.367(3), Florida Statutes, is no longer applicable.
Section 163.367(3), Florida Statutes, precludes a community redevelopment agency commissioner from holding another office under the county or municipality which created the agency.[5]
While "public office" is not defined in the act, section163.340(20), Florida Statutes, defines the term "Public officer" to mean
"any officer who is in charge of any department or branch of the government of the county or municipality relating to health, fire, building regulations, or other activities concerning dwellings in the county or municipality."
In addition, Article II, section 5(a), Florida Constitution, provides:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
Clearly membership on the governing body of a governmental entity, such as a county or municipality, constitutes an office.[6]
Similarly, membership on the city's community redevelopment agency would also appear to constitute a municipal office as such position embraces the idea of tenure, duration and duties conferred by statute.[7]
It has long been recognized that the legislative designation of an officer to perform ex officio the functions of another or additional office does not violate the dual officeholding prohibition, provided that the duties imposed are consistent with those already being exercised.[8] Where additional or ex officio
duties are assigned to a particular office by the legislative body and there is no inconsistency between the new and the preexisting duties, the dual officeholding prohibition does not preclude such an assignment.[9]
Accordingly, the legislative authorization in section 163.357, Florida Statutes, for the governing body of a city or county to designate itself as the community redevelopment agency would appear to be an ex officio designation and thus not violative of the dual officeholding prohibition contained in Article II, section 5(a), Florida Constitution. Where, however, the entire governing body of the city is not designated as the community redevelopment agency, the above provisions would appear to preclude a city commissioner from holding both positions.
Therefore, I am of the opinion that a city commissioner may not also serve as a commissioner of a redevelopment agency unless the entire city commission that created the redevelopment agency declares itself the governing body of the redevelopment agency in accordance with section 163.357, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 163.335, Fla. Stat.
[2] Section 163.356, Fla. Stat.
[3] See, s. 163.357(1)(c), Fla. Stat., stating that a governing body of a county or municipality that consists only of five members may appoint two additional persons to act as members of the community redevelopment agency.
[4] See, Op. Att'y Gen. Fla. 84-74 (1984). And see, FirstNational Bank of Key West v. Filer, 145 So. 204 (Fla. 1933); Alsopv. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when the Legislature has prescribed the mode, that mode must be followed);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[5] Cf., Op. Att'y Gen. Fla. 96-11 (1996), stating that s.163.367(3), Fla. Stat., did not preclude employment with the county and thus a community redevelopment agency commissioner was prohibited from working as a county employee under the above statute.
[6] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919), stating:
"The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . ."
And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[7] See, Ops. Att'y Gen. Fla. 72-348 (1972) and 74-73 (1974), respectively.
[8] See, e.g., Bath Club, Inc. v. Dade County, 394 So.2d 110
(Fla. 1981).
[9] See, Op. Att'y Gen. Fla. 81-72 (1981). And see, Ops. Att'y Gen. Fla. 70-46 (1970) (statute imposing ex officio post on holder of another office must be distinguished from one authorizing appointment of one office holder to another separate and distinct office); 80-12 (1980) (membership of elected municipal officer on metropolitan planning organization as prescribed by statute does not violate dual officeholding prohibition). See also, City ofRiviera Beach v. Palm Beach County Solid Waste Authority,502 So.2d 1335 (Fla. 4th DCA 1987); City of Orlando v. State Departmentof Insurance, 528 So.2d 468 (Fla. 1st DCA 1988).