528 So.2d 468 (1988)
The CITY OF ORLANDO; the City of Bradenton; the City of Fernandina Beach; the City of Plant City; the City of Panama City Beach; and the City of Daytona Beach, Appellants,
v.
STATE of Florida DEPARTMENT OF INSURANCE; and Bill Gunter As Insurance Commissioner of the State of Florida, Appellees.
No. 87-1409.
District Court of Appeal of Florida, First District.
July 7, 1988.
Rehearing Denied August 10, 1988.
*469 James C. Massie, Tallahassee, for appellants.
Gabriel Mazzeo, Tallahassee, Richard A. Sicking of Kaplan, Sicking & Bloom, Miami, Robert D. Klausner of Robert D. Klausner, P.A., Hollywood, for appellees.
James R. Wolf, Tallahassee, James W. Linn and Lucille E. Turner of Carson & Linn, P.A., Tallahassee, for amicus curiae.
BARFIELD, Judge.
Appellants seek review of an order finding Chapters 86-41 and 86-42, Laws of Florida, amending Chapters 175 and 185, Florida Statutes (1985) respectively, to be facially constitutional. We affirm, with one exception, the trial court's determination the Acts do not violate constitutional tenets. Chapters 175 and 185 create a purely voluntary program whereby municipalities may receive state-collected taxes, imposed on property and casualty insurance premiums, with which to fund retirement programs for local police and firefighters. In exchange for receipt of these funds, the legislature has established certain criteria under which the funds must be operated and managed. The cities may opt into or out of such plans at their discretion. As the program is not mandatory as to any city's participation, we find nothing that renders the amended statutes to be facially unconstitutional.
However, we reverse that portion of the order finding that both Chapters 86-41 and 86-42 and Article II, Section 5(a), Florida Constitution, barring dual officeholding, precluded municipal officials from serving on the Boards of Trustees of the respective municipal police and firefighters pension trust funds. The legislative history, submitted to this Court without objection, reflects the legislative intent that elected or appointed officials could be appointed by the local legislative body to serve as the municipality's representatives on the Boards. Further, there is nothing inherently inconsistent or incompatible in service by municipal officials on these Boards so as to say that it presumptively violates the prohibition against dual officeholding in Article II, Section 5(a). Bath Club, Inc. v. Dade County, 394 So.2d 110 (Fla. 1981); Gryzik v. State, 380 So.2d 1102 (Fla. 1st DCA), petition for review denied, 388 So.2d 1113 (Fla. 1980). Such determination must be made on a case-by-case basis as to each Board or individual trustee.
Accordingly, the trial court's order is AFFIRMED in part and REVERSED in part.
THOMPSON and NIMMONS, JJ., concur.