Mr. Frank Kruppenbacher City Attorney City of Apopka 390 North Orange Avenue, Suite 1300 Orlando, Florida 32801-2448
Dear Mr. Kruppenbacher:
On behalf of the Mayor of the City of Apopka you have asked for my opinion on substantially the following question:
May the City of Apopka merge the duties performed by the fire chief with those of the community development director and the duties of the finance director with those of the assistant city administrator into two municipal positions or would such a merger violate dual officeholding or incompatibility laws?
In sum:
The positions of fire chief of the City of Apopka and community development director are not legally incompatible and may be merged into one position by appropriate legislative action of the city. Further, the City of Apopka may combine the positions of assistant city administrator and finance/personnel director since neither has appointment, budgetary, or managerial powers over the other so that the positions are not legally incompatible. In addition, the City of Apopka would be authorized to legislatively assign these compatible duties and functions to one officer in each case, as such an ex officio designation of additional duties would not violate the dual officeholding prohibition. Section 5(a), Art. II, State Const., provides in part that: No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers. This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties and municipalities.[1] The prohibition applies to both elected and appointed offices.[2] The Constitution does not define the terms "office" or "officer" for purposes of the dual officeholding prohibition. The Supreme Court of Florida, however, has stated:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office . . . .[3] It is the nature of the powers and duties of a particular position which determines whether it is an "office" or an "employment." The constitutional prohibition against dual officeholding generally does not apply to those persons who are not vested with official powers in their own right but merely exercise certain powers as agents of government officers.[4] You have provided this office with additional information stating that "there is no longer a position entitled Community Development Director[;] that position is incorporated in the Fire Chief's job description[.]" Further, "[t]he Assistant City Administrator's job description included both the Finance and Personnel Directors' responsibilities." Thus, dual offices do not exist in these cases. While you do not indicate how this combination of duties was accomplished, I will assume that the City of Apopka assigned these additional duties to the officers involved by appropriate legislative action. This state has long recognized that the legislative designation of an officer to perform the functions of another or additional office in an ex officio capacity does not violate the dual officeholding prohibition.[5] Where additional or ex officio duties are assigned to a particular office by the legislative body and there is no inconsistency between the new and the pre-existing duties, the dual officeholding prohibition does not preclude such an assignment. The newly assigned duties are viewed as an addition to the existing duties of the officer.
Thus, this office has stated that the city council, as the legislative body of a municipality, may by ordinance impose the additional or ex officio duties of the office of city manager on the city clerk.[6] Similarly, the courts have stated that a special act authorizing county commissioners to sit as members of the county solid waste authority did not violate s. 5(a), Art. II, State Const., but merely imposed additional duties upon an existing office.[7] More recently, a district court concluded that where the statutes had been amended to authorize municipal officials to serve on the boards of trustees of municipal policy and fire fighters' pension trust funds, such provisions did not violate the constitutional dual officeholding prohibition.[8]
There is, however, a distinction between a statute imposing an ex officio position on the holder of another officer and one authorizing the appointment of one officeholder to another distinct and separate office. For example, The Supreme Court has pointed out while additional duties may validly be imposed by the Legislature on a state officer ex officio, a legislative attempt to authorize the Governor to appoint a state official to another separate and distinct office would be ineffectual under the constitutional dual officeholding prohibition.[9]
Although the dual officeholding prohibition may not apply in situations such as those considered herein, there are still common law rules in effect in Florida which may preclude the accomplishment of two positions by one individual. The purpose of the common law rule of incompatibility is to assure not only the actuality of undivided loyalty but also the appearance of undivided loyalty.[10] As one court stated:
Incompatibility exists "where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another." . . . If the duties of the two offices are such that when "placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions it is sufficient to declare them legally incompatible."[11]
In AGO 70-46 this office stated that a conflict between the duties and functions of the two offices exists where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one has the power to appoint or remove or set the salary or the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other.[12] The common law rule is also applicable to an officer seeking employment that is incompatible with the duties and functions of his or her office.[13]
1. Community Development Director/Fire Chief[14]
The job description for the community development director states that the position involves "responsibility in planning, organizing and directing activities of the Zoning, Planning and Code Enforcement Divisions [of the City of Apopka]." This position is also "[r]esponsible for enforcing zoning codes, which includes citing violations and following up until said violations are either corrected, removed or referred to the appropriate agency for legal action." The community development director "[a]pproves the zoning and land use portion of the building permit applications for the construction, addition and demolition of any building within the City as well as sign, fence, and mobile home and any other required permits." Further, this position is required to "[a]ssist in drafting and then updating a Land Development code which will include zoning ordinances, building codes, subdivision regulations, developer guidelines, and other appropriate requirements." The work of the community development director is to be performed under the general direction of the assistant city administrator. With regard to the duties of the fire chief, the person filling this position is responsible for "planning, organizing and directing the activities of the Apopka Fire Department . . . ." The fire chief's performance is subject to review and inspection by the mayor. This position also involves "responsibilities, as delegated, for the selection, placement, promotion, training, development, safety and discipline of [fire] department personnel." The fire chief "[p]articipates with superiors in the selecting, placement, promotion, training, safety, appraisal and discipline of division personnel." Further, the fire chief "[r]ecommends revisions to fire safety ordinances and codes. "Based on the description of the duties of these two positions, they do not appear to be legally incompatible. Neither office appears to be subordinate to the other or subject to its supervision or control. Nor does it appear that placing these combined duties in one position would disserve the public interest or result in a conflict.
Therefore, it is my opinion that the position of fire chief and the position of community development director of the City of Apopka may be combined by the City of Apopka in an appropriate legislative enactment.
2. Assistant City Administrator/Finance and Personnel Director[15]
The assistant city administrator is responsible for assisting the mayor, who is also the city administrator, in overseeing the daily operation of the city. The person in this position "[p]rovides direct supervision over all departments" and "is responsible for implementing City Council policies and ordinances." The assistant city administrator "[d]irects the office of administrative services which includes the City Clerk's office, Community Development, Fire, Police and Public Services departments" and is responsible for "[c]oordination of budget preparation with the Finance Director on behalf of the Mayor's office." He or she is charged with "[r]esolution of citizen concerns and complaints on behalf of the Mayor's office" and provides "[a]ssistance of the City Attorney in drafting ordinances, resolutions and agreements."
The work of the city finance director is carried out under the general administrative direction of the mayor. He or she "[p]lans, organizes and supervises and controls all financial procedures and methods; administers results of budget preparations and control, accounting revenue collections, administers bonded indebtedness." This position is responsible for approving and controlling disbursements of all funds. Further, this position "[p]lans and effects investments of all funds, collects, receives and maintains custody of all funds." The finance director also drafts ordinances, resolutions and agreements. This person "[i]nsures compliance with all City, State and Federal personnel and hiring regulations, including affirmative action plan and equal opportunity law."
My review of the duties performed by the assistant city administrator and the finance/personnel director do not demonstrate legal incompatibility. Neither position is subordinate to the other or subject to its supervision or control. The duties of these two positions do not appear to clash nor would they disserve the public interest.
Thus, it is my opinion the City of Apopka may, without violating the common law rule of incompatibility, combine the positions of assistant city administrator and the finance/personnel director.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Earlier State Constitutions contained similar provisions against dual officeholding. See, e.g., s. 18, Art. VI, State Const. 1838, and s. 14, Art. VI, State Const. 1861. Section 5(a), Art. II, State Const., substantially reproduces s. 15, Art. XVI of the 1885 State Constitution, except that the current provision was expanded to include municipal officers since decisions under the 1885 Constitution had excluded such officers from its scope.
[2] See, AGO's 69-2 and 80-97.
[3] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
See also, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[4] See, AGO 88-56 in which this office considered the nature of the duties performed by the position in determining whether a deputy clerk was an officer or employee. Finding that the deputy clerk performed largely the ministerial duties of an assistant to the clerk of the circuit court rather than the substitute duties of a true deputy, this office concluded that the position of deputy clerk under those circumstances constituted an employment rather than an office.
[5] See, State v. Florida State Turnpike Authority, 80 So.2d 337
(Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939).
[6] Attorney General Opinion 81-72. Accord, AGO 80-97. And see, AGO's 70-46 (statute imposing an ex officio post upon holder of another office must be distinguished from one authorizing the appointment of one office holder to another separate and distinct office). 80-12 (membership of elected municipal officer on metropolitan planning organization as prescribed by statute does not violate s. 5[a], Art. II, State Const.), 82-92 (city may, by ordinance, designate members of code enforcement board as ex officio members of minimum housing and commercial property appeals board).
[7] City of Riviera Beach v. Palm Beach County Solid Waste Authority, 502 So.2d 1335 (4 D.C.A. Fla., 1987).
[8] City of Orlando v. State Department of Insurance,528 So.2d 468 (1 D.C.A. Fla., 1988).
[9] Advisory Opinion to Governor, 1 So.2d 636 (Fla. 1941). And see, AGO 76-92 (the action of a city council which did not abolish the office of town marshal but merely authorized the mayor to perform the duties of that office would probably violate the dual officeholding prohibition), and AGO 70-46 (it was doubtful that a city commissioner could also be a municipal judge where the charter created the office of municipal judge as a separate and distinct office; while the charter authorized the city commission to appoint one of its own members as municipal judge, it did not designate that office as an ex officio office to be performed by the city commissioner).
[10] See, AGO 88-56.
[11] Gryzik v. State, 380 So.2d 1102, 1104 (1 D.C.A. Fla., 1980), petition for review denied, 388 So.2d 1113 (Fla. 1980).
[12] See, e.g., AGO 72-348 (city council may not appoint one of its own members as chief of police); AGO 72-102 (board of trustees of hospital district should not appoint one of its members to the position of consulting pharmacist at a nominal fee); AGO's 73-359 and 80-17 (board of county commissioners may not appoint one of its own members to serve on governing board of special district); and AGO 75-60 (county commission should not appoint one of its members to county industrial authority).
[13] See, AGO 70-46.
[14] See, Job Descriptions, City of Apopka, Community Development Director, dated July 1988, and Fire Chief, undated.
[15] See, Job Descriptions, City of Apopka, Assistant City Administrator, dated December 1989, and Finance and Personnel Director, undated.