Mr. Herbert A. Langston, Jr. Maitland City Attorney 111 So. Maitland Avenue Suite 200 Maitland, Florida 32794-5050
Dear Mr. Langston:
On behalf of the Maitland City Council, you ask substantially the following questions:
1. May the mayor or other member of the city council be appointed to serve on the board of trustees of the police officers' and firefighters' pension trust fund without violating the dual officeholding prohibitions of Article II, section 5, Florida Constitution, when the city code provides for the mayor or other member of the city council to so serve?
2. May the city council, pursuant to provisions of the city code, appoint the chiefs of the fire and police departments to serve on the board of trustees of the police officers' and firefighters' pension trust fund without violating the dual officeholding prohibitions of Article II, section 5, Florida Constitution?
In sum:
1. The imposition of additional or ex officio duties on the mayor or other city council member under the city code to serve on the board of trustees of the police officers' and firefighters' pension trust fund would not violate the constitutional prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution.
2. The imposition of additional or ex officio duties on the police chief or fire chief under the city code to serve on the board of trustees of the police officers' and firefighters' pension trust fund would not violate the constitutional prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution.
As your questions are interrelated, they will be answered together.
According to your letter, the Municipal Police Officers' and Firefighters' Pension Trust Fund (fund) was created by ordinance in 1980. Section 2-124(3) of the City Code provides that the board of trustees of the fund shall consist of the following:
[T]he mayor or other member of the city council as elected by the city council, the chief of the fire department; the chief of the police department; two (2) firefighters/volunteer firefighters of the municipality to be elected by a majority of the firefighters/volunteer whose names appear on the rolls as members of this plan; two (2) police officers of the municipality to be elected by a majority of the police officers whose names appear on the rolls as members of this plan; and two (2) legal residents of the city to be appointed by the city council.
Article II, section 5(a), Florida Constitution, provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers.
The above provisions prohibit a person from simultaneously serving in more than one state, county or municipal office. The prohibition applies to both elected and appointed offices.[1] The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract.[2]
The governing body of a unit of government such as a municipality or county clearly has been delegated a portion of the sovereign power. Thus, membership on the governing body constitutes an office.[3] According to the Maitland Charter, the mayor is a member of the city council,[4] and, therefore, the mayor as well as the other members of the city council would qualify as officers for purposes of Article II, section 5(a), Florida Constitution. This office has previously concluded that in light of the powers exercised by such officials, a chief of police and a fire chief were officers for purposes of the dual officeholding prohibition.[5]
According to your letter, the board of trustees of the fund was established by ordinance and is empowered to administer the pension fund. This office in Attorney General Opinion 90-45 concluded that membership on the board of trustees of such pension boards constitutes an "office" for purposes of Article II, section5(a), Florida Constitution.[6]
The courts and this office, however, have recognized that the legislative designation of an officer to perform ex officio the functions of another or additional office does not violate the dual officeholding prohibition, provided that the duties imposed are consistent with those being exercised. As the Supreme Court of Florida stated in Bath Club, Inc. v. Dade County,[7]
Article II, section 5(a) was manifestly fashioned to ensure that multiple state, county, and municipal offices will not be held by the same person. Underlying this objective is the concern that a conflict of interest will arise by dual officeholding whenever the respective duties of office are inconsistent. Where additional duties are assigned to constitutional officers and there is no inconsistency between these new and pre-existing duties, however, the dual officeholding prohibition does not preclude such an assignment. In such cases, newly assigned duties are viewed merely as an addition to existing responsibilities.
Thus, for example, this office recently stated in Attorney General Opinion 94-66 that a board of county commissioners may by ordinance designate the members of the county commission to serve as the members of a board of adjustment when such additional duties are imposed upon the county commissioners by virtue of their membership on the county commission.[8] In City of Orlando v. State Department of Insurance,[9] the First District Court of Appeal specifically considered the applicability of the dual officeholding prohibition to municipal officials serving on the board of trustees of municipal police and firefighters pension trust funds.[10] The court concluded that such service did not violate Article II, section 5(a), Florida Constitution, stating:
[T]here is nothing inherently inconsistent or incompatible in service by municipal officials on these Boards so as to say that it presumptively violates the prohibition against dual officeholding in Article II, Section 5(a). Bath Club, Inc. v. Dade County, 394 So.2d 110 (Fla. 1981); Gryzik v. State, 380 So.2d 1102
(Fla. 1st DCA), petition for review denied, 388 So.2d 1113 (Fla. 1980).
The city code requires that the mayor or other member of the city council as well as the chief of police and the fire chief serve on the board of trustees of the fund. The code, thus, appears to impose such additional duties as a result of their position as mayor, council member, chief of police or fire chief.
Accordingly, the imposition of such additional or ex officio duties on the mayor or other city council member, the chief of police and the fire chief would not violate the constitutional prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] See, Ops. Att'y Gen. Fla. 72-348 (1972) and 74-73 (1974).
[4] See, ss. 2.01(a) and 2.03, Maitland City Charter.
[5] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 72-348 (1972) (chief of police is officer for purposes of dual officeholding prohibition), and Op. Att'y Gen. Fla. 80-97 (1980) (chief of municipal fire department constitutes an office). Cf., Op. Att'y Gen. Fla. 89-10.
[6] And see, Op. Att'y Gen. Fla. 86-106 (1986).
[7] 394 So.2d 110, 112 (Fla. 1981).
[8] And see, Op. Att'y Gen. Fla. 81-72 (1981) (city council as legislative body of the municipality may impose by ordinance the ex officio duties of the office of city manager on the city clerk).
[9] 528 So.2d 468 (Fla. 1st DCA 1988).
[10] Chapters 175 and 185, Florida Statutes, at one time specifically provided for the mayor and the chief of police or fire chief to serve on the pension fund. See, ss. 175.061 and185.05, Fla. Stat. (1985). The statutes were amended in 1986 to provide that the board of trustees of the firefighters' (police officers') retirement trust fund shall consist of five members, two of whom shall be appointed by the legislative body of the municipality and two of whom shall be firefighters (law enforcement officers) who shall be elected by a majority of the firefighters (police officers) who are members of the plan. The statute provides that the fifth member shall be chosen by a majority of the other four members. See, Ch. 86-41 and Ch. 86-42, Laws of Florida, respectively. You have not asked and, therefore, no comment is expressed regarding the compliance of the city's trust fund with Chapters 175 and 185, Florida Statutes. But see, Staff Analysis and Economic Impact Statement on CS/SB 208, Senate Committee on Personnel, Retirement and Collective Bargaining, dated March 5, 1986, stating that the bill, while changing how the board of trustees is selected, still "would permit mayors, city managers, etc., to serve on the board."