Ms. Elaine Gordon Acting Chairperson Alternative Education Institute 13899 Biscayne Boulevard, Suite 143 North Miami Beach, Florida 33181
Dear Ms. Gordon:
You ask substantially the following question:
Does membership on the board of directors of the Alternative Education Institute, created within the Department of Education as a not-for-profit corporation, constitute an office for purposes of section 5(a), Article II, Florida Constitution?
In sum:
A board member of the institute is a state officer within the scope of the dual officeholding prohibition set forth in section5(a), Article II, of the Florida Constitution and, therefore, may not simultaneously hold another state, county or municipal office.
Section 5(a), Article II, of the Florida Constitution provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties and municipalities. The prohibition applies to both elected and appointed offices.[1]
While the Constitution does not define the terms "office" or "officer" for purposes of the dual officeholding prohibition, the Supreme Court of Florida has stated:
"The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. . . ."[2]
It is, therefore, the nature of the powers and duties of a particular position that determine whether it is an "office." For example, legislators and judges exercise a portion of the sovereign power of the state and thus membership in the Legislature or in the judiciary constitutes an office within the contemplation of section 5(a), Article II, of the Florida Constitution.[3]
The Alternative Education Institute (AEI) was created by the Legislature in 1994 to provide alternative education programs in residential school facilities.[4] The program is funded with PECO funds and serves juvenile offenders who have been prosecuted as adults or who have been committed to a high-risk residential program or a maximum risk residential program of the Department of Juvenile Justice.
Section 39.085, Florida Statutes, provides that the institute is created within the Department of Education although the statute provides that it "shall be a not-for-profit corporation acting as an instrumentality of the state[.]"[5] Subsection (6) of the statute provides that the not-for-profit corporation is not an agency within the meaning of section 20.03(11), Florida Statutes.[6]
The institute has the authority to receive, hold, invest, and administer property, to expend funds, and enter into contracts. It is governed by a 13 member board with 7 members appointed by the Governor, 3 members appointed by the President of the Senate, and 3 members appointed by the Speaker of the House of Representatives.[7] The statute prescribes a three year term of office for the board members and authorizes reappointment.[8]
Section 39.085, Florida Statutes, in providing for the appointment of the board of directors, does not require that a state, county or municipal officer serve on the board of directors such that the ex officio exception to the dual officeholding prohibition would be applicable.[9]
The AEI represents a growing legislative trend of creating statutory hybrid entities which are placed within a state agency but are specifically excluded from state agency status. Thus, application of various statutes and constitutional provisions relating to state officers becomes problematical.
While section 39.085, Florida Statutes, states that AEI is a not-for-profit corporation, it is created by statute within the Department of Education, a state agency, and acts as an instrumentality of the state, carrying out a governmental function. Based on the nature and scope of the powers and duties of the AEI, it appears that the institute exercises a portion of the sovereign power of the state and thus membership on the institute's board of directors constitutes an office within the meaning of Article II, section 5(a), Florida Constitution.[10]
Accordingly, it is my opinion that a board member of the institute is a state officer within the scope of the dual officeholding prohibition set forth in section 5(a), Article II, of the Florida Constitution and, therefore, may not simultaneously hold another state, county or municipal office.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] See generally, s. 1, Art. III, Fla. Const., vesting the legislative power of the state in a legislature, consisting of one senator elected from each senatorial district and a house of representatives composed of one member elected from each representative district; s. 1, Art. V, Fla. Const., vesting the judicial power of the state in a supreme court, district courts of appeal, circuit courts and county courts. And see, Ops. Att'y Gen. Fla. 75-153 (1975) and 80-16 (1980).
[4] See, Ch. 94-209, Laws of Florida.
[5] Section 39.085(1), Fla. Stat.
[6] Section 20.03(11), Fla. Stat., provides that "Agency," as the context requires, means an official, officer, commission, authority, council, committee, department, division, bureau, board, section, or another unit or entity of government.
[7] Section 39.085(2), Fla. Stat.
[8] Section 39.085(3), Fla. Stat.
[9] For a discussion of the ex officio exception, see, City ofRiviera Beach v. Palm Beach County Solid Waste Authority,502 So.2d 1335 (Fla. 4th DCA 1987); City of Orlando v. State Departmentof Insurance, 528 So.2d 468 (Fla. 1st DCA 1988). And see, Ops. Att'y Gen. Fla. 81-72 (1981); 70-46 (1970) (statute imposing ex officio post on holder of another office must be distinguished from one authorizing appointment of one office holder to another separate and distinct office); 80-12 (1980) (membership of elected municipal officer on metropolitan planning organization as prescribed by statute does not violate dual officeholding prohibition); 82-92 (1982) (city may, by ordinance, designate members of code enforcement board as ex officio members of minimum housing and commercial property appeals board).
[10] Cf., Op. Att'y Gen. Fla. 93-27 (1993), in which this office concluded that members of the Southeast Interstate Compact Commission for the Management of Low Level Radioactive Waste, who were authorized to conduct hearings, require evidence and testimony, enter into contracts and hire a staff, were officers exercising a portion of the sovereign power of the state.