Mr. Edward A. Dion Broward County Attorney 115 South Andrews Avenue Suite 423 Fort Lauderdale, Florida 33301
Dear Mr. Dion:
On behalf of the Broward County Board of County Commissioners, you ask substantially the following question:
May two county commissioners serve as additional persons on a city community redevelopment agency by virtue of their status of practicing a profession or performing a service for compensation within the area of operation of the redevelopment agency?
In sum:
Two county commissioners may not serve as additional persons on a city community redevelopment agency by virtue of their status of practicing a profession or performing a service for compensation within the area of operation of the redevelopment agency.
Part III, Chapter 163, Florida Statutes, the Community Redevelopment Act of 1969, provides a means for counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for redevelopment of these areas.[1] Upon finding a necessity and need for an agency to carry out the purposes set forth in the act, a county or municipality may create a body corporate and politic to be known as a "community redevelopment agency."[2]
A board of commissioners consisting of not fewer than five or more than seven commissioners, who are appointed by the governing body of the county or municipality, serves as the governing body of the agency.[3] Section 163.356(3)(b), Florida Statutes, provides:
"Any person may be appointed as commissioner if he or she resides or is engaged in business, which means owning a business, practicing a profession, or performing a service for compensation, or serving as an officer or director of a corporation or other business entity so engaged, within the area of operation of the agency, which shall be coterminous with the area of operation of the county or municipality, and is otherwise eligible for such appointment under this part."
In counties with home rule charters, however, section 163.410, Florida Statutes, provides:
"In any county which has adopted a home rule charter, the powers conferred by this part shall be exercised exclusively by the governing body of such county. However, the governing body of any such county which has adopted a home rule charter may, in its discretion, by resolution delegate the exercise of the powers conferred upon the county by this part within the boundaries of a municipality to the governing body of such a municipality. Such a delegation to a municipality shall confer only such powers upon a municipality as shall be specifically enumerated in the delegating resolution. Any power not specifically delegated shall be reserved exclusively to the governing body of the county. . . ."[4]
You state that the City of Plantation has applied to Broward County, a charter county, for the authority to form a community redevelopment agency. The county has approved the application and delegated to the city the authority to form the community redevelopment agency and develop a redevelopment plan.
According to your letter, the city council would like to appoint itself as the governing board of the redevelopment agency. Section163.357(1)(a), Florida Statutes, provides:
"As an alternative to the appointment of not fewer than five or more than seven members of the agency, the governing body may, at the time of the adoption of a resolution under s. 163.355, or at any time thereafter by adoption of a resolution, declare itself to be an agency, in which case all the rights, powers, duties, privileges, and immunities vested by this part in an agency will be vested in the governing body of the county or municipality, subject to all responsibilities and liabilities imposed or incurred."
Since it appears that the city council is composed of only five members, the council would like to utilize the provisions of section 163.357(1)(c), Florida Statutes, which states:
"A governing body which consists of five members may appoint two additional persons to act as members of the community redevelopment agency. The terms of office of the additional members shall be for 4 years, except that the first person appointed shall initially serve a term of 2 years. Persons appointed under this section are subject to all provisions of this part relating to appointed members of a community redevelopment agency."
You state that the council would like to appoint either the mayor and a county commissioner or two county commissioners to serve on the community redevelopment agency's board as the two additional members.
Section 163.367(3), Florida Statutes, provides:
"No commissioner or other officer of any community redevelopment agency, board, or commission exercising powers pursuant to this part shall hold any other public office under the county or municipality other than his or her commissionership or office with respect to such community redevelopment agency, board, or commission." (e.s.)
This office in Attorney General Opinion 98-36 stated that the above statute precludes a commissioner of a community redevelopment agency from holding another public office with a city or county, regardless of whether the governing body of the city or the county created the agency.[5] The provisions of section 163.357, Florida Statutes, expressly authorizing the governing board of the city or county creating the community redevelopment agency to sit as that agency's board of commissioners would appear to operate as an exception to this general prohibition. However, no such exception exists for the appointment of individual members of the county commission or for the mayor.[6]
Moreover, Article II, section 5(a), Florida Constitution, provides:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
Clearly, membership on the governing body of a governmental entity, such as a county or municipality, constitutes an office.[7] This office has stated that membership on a city's community redevelopment agency also constitutes a municipal office as such position embraces the idea of tenure, duration and duties conferred by statute.[8]
The legislative authorization in section 163.357, Florida Statutes, for the governing body of a city or county to designate itself as the community redevelopment agency would appear to be anex officio designation and thus not violative of the constitutional dual officeholding prohibition.[9] No similar ex officio designation, however, exists for the appointment of the additional two members from the governing body of the county or for another city official.
Thus, the appointment of two county commissioners or a county commissioner and the mayor to the community redevelopment agency's board of commissioners would appear to violate the prohibition against holding two state, county or municipal offices simultaneously.
Accordingly, I am of the opinion that two county commissioners may not serve as additional persons on a city community redevelopment agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 163.355, Fla. Stat.
[2] Section 163.356(1), Fla. Stat. And see, s. 163.355, Fla. Stat., setting forth the requirements for the finding of necessity.
[3] Section 163.356(2), Fla. Stat.
[4] Section 163.410, Fla. Stat., however, does not affect a community redevelopment agency created by a municipality prior to the adoption of a county home rule charter.
[5] See, s. 163.340(20), Fla. Stat., defining "Public officer" to mean "any officer who is in charge of any department or branch of the government of the county or municipality relating to health, fire, building regulations, or other activities concerning dwellings in the county or municipality."
[6] Cf., Ops. Att'y Gen. Fla. 84-74 (1984) (governing body of a city, after declaring itself to be the community redevelopment agency, may not alter the composition of the board of commissioners of the agency by changing the ratio or number of city commissioners and citizens sitting on the board from that prescribed by statute); 98-16 (1998) (where the city commission is serving as the ex officio governing body of the community redevelopment agency, the city commission cannot remove one of its members only from the community redevelopment agency nor may the member resign from the community redevelopment agency while still retaining his or her seat on the city commission).
[7] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919), stating:
"The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . ."
And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[8] See, Ops. Att'y Gen. Fla. 99-49 (1999) and 97-04 (1997).
[9] See, Op. Att'y Gen. Fla. 81-72 (1981). And see, Ops. Att'y Gen. Fla. 70-46 (1970) (statute imposing ex officio post on holder of another office must be distinguished from one authorizing appointment of one office holder to another separate and distinct office); 80-12 (1980) (membership of elected municipal officer on metropolitan planning organization as prescribed by statute does not violate dual officeholding prohibition). See also, City ofRiviera Beach v. Palm Beach County Solid Waste Authority,502 So.2d 1335 (Fla. 4th DCA 1987); City of Orlando v. State Departmentof Insurance, 528 So.2d 468 (Fla. 1st DCA 1988).