Mr. Robert D. Pritt Naples City Attorney 735 Eighth Street South Naples, Florida 34102-6796
Dear Mr. Pritt:
You ask substantially the following questions:
1. May a person serve on a municipal firefighters pension board administering a local plan under Chapter 175, Florida Statutes, while simultaneously serving on a municipal police pension board administering a local plan under Chapter 185, Florida Statutes?
2. May a person serve on a municipal general employees pension plan while simultaneously serving on the municipal firefighters pension board or police pension board?
3. May a city council member serve on one or more of the above described boards as part of his or her ex officio duties?
As your questions are interrelated, they will be answered together.
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from serving in more than one state, county, or municipal office simultaneously. The prohibition applies to both elected and appointed offices.[1] While there is no definition of the term "office" in the Constitution, the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office . . . ."[2] Within the scope of the term are the concepts of tenure, duration and duties in exercising some portion of the sovereign power, conferred or defined by law rather than by contract. In contrast, an "employment" does not "comprehend a delegation of any part of the sovereign authority."[3]
This office has previously stated that membership on a board of trustees empowered to administer a pension fund constitutes an "office" for purposes of Article II, section 5(a), Florida Constitution.[4] For example, in Attorney General Opinion 03-27 this office stated that the administration of public funds and the accomplishment of the responsibilities delegated under Chapter 175, Florida Statutes, by the board of trustees of a pension fund for firefighters represent the exercise of the sovereign powers of the state, and, therefore, denote an "office" rather than an employment. Similarly, the duties imposed under Chapter 185, Florida Statutes, regarding pension plans for police officers have resulted in this office concluding that members of the board of trustees of such funds are officers for purposes of ArticleII, section 5, Florida Constitution.[5]
In Attorney General Opinion 90-45, this office concluded that membership on the board of trustees of a city's general pension — which administered and operated the general retirement system, including the establishment of uniform regulations for the administration of the fund, determining eligibility for participation in the fund and retirement allowances, conducting annual actuarial evaluations of the system, and processing applications for participation in the fund — was an office for purposes of dual officeholding. A review of the Naples city code regarding the general retirement system indicates that the board of trustees is responsible for the general administration and management of the system. The city code refers to a term of office for the trustees, with each trustee taking an oath of office before assuming the duties of trustee.[6]
Thus, the board of trustees of the city firefighters' retirement trust fund, a local plan under Chapter 175, Florida Statutes, and the board of trustees of the city police officers' retirement trust fund, a local plan under Chapter 185, Florida Statutes, as well as the board of trustees for the city general retirement system, would all appear to constitute offices for purposes of Article II, section 5(a), Florida Constitution.
The courts and this office, however, have recognized that the imposition of additional or ex officio duties on a municipal officer under the city code or charter to serve on the board of trustees of the police officers' and firefighters' pension trust fund would not violate the constitutional dual officeholding prohibition.[7] As the Supreme Court of Florida stated in Bath Club,Inc. v. Dade County,[8]
Article II, section 5(a) was manifestly fashioned to ensure that multiple state, county, and municipal offices will not be held by the same person. Underlying this objective is the concern that a conflict of interest will arise by dual officeholding whenever the respective duties of office are inconsistent. Where additional duties are assigned to constitutional officers and there is no inconsistency between these new and pre-existing duties, however, the dual officeholding prohibition does not preclude such an assignment. In such cases, newly assigned duties are viewed merely as an addition to existing responsibilities.
In City of Orlando v. State Department of Insurance,[9] the First District Court of Appeal specifically considered the applicability of the dual officeholding prohibition to municipal officials serving on the board of trustees of municipal police and firefighters pension trust funds. The court concluded that such service did not violate Article II, section 5(a), Florida Constitution, stating:
"[T]here is nothing inherently inconsistent or incompatible in service by municipal officials on these Boards so as to say that it presumptively violates the prohibition against dual officeholding in Article II, Section 5(a). Bath Club, Inc. v.Dade County, 394 So.2d 110 (Fla. 1981); Gryzik v. State,380 So.2d 1102 (Fla. 1st DCA), petition for review denied,388 So.2d 1113 (Fla. 1980)."
Thus, for example, this office stated in Attorney General Opinion 94-66 that a board of county commissioners may by ordinance designate the members of the county commission to serve as the members of a board of adjustment when such additional duties are imposed upon the county commissioners by virtue of their membership on the county commission.[10] Similarly, in Attorney General Opinion 94-98 this office concluded that where the city code required the mayor or other member of the city council as well as the chief of police and the fire chief to serve on the board of trustees of the police and firefighters pension fund, such service by such officers would not violate the constitutional prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution.
The Naples city code provides that the board of trustees of the police officers' retirement trust fund consists of five members, two of whom shall be appointed by the city council and two of whom shall be police officers, with the fifth member chosen by a majority of the previous four members.[11] Similarly, the code provides that the board of trustees of the firefighters retirement trust fund consists of five members, two of whom shall be appointed by the city council and two of whom shall be firefighters, with the fifth member chosen by a majority of the previous four members.[12] The board of trustees of the city general retirement system consists of:
"(1) One member of the city council to be appointed by the city council. (2) One resident of the city with pension experience to be appointed by the city council. (3) One member of the administrative staff, also to be a member of the pension plan, to be appointed by the city manager. (4) One nonbargaining unit member to be appointed by the city manager. (5) One bargaining unit member to be appointed by the city manager from a list of three bargaining unit members submitted by the president of the bargaining unit. (6) One retiree, currently receiving benefits from the general employees retirement system, to be selected by the current board of trustee members. (7) One resident of the city with expertise in financial markets, to be selected by the current board of trustee members."[13]
The city code provides that notwithstanding any other section of the code, members of the board of trustees of the general employees retirement system "shall be permitted to serve on any other board duly formed by the city."[14]
While the city code requires two police officers to serve on the board of trustees of the police officers' retirement fund and two firefighters to serve on the board of trustees of the firefighters' retirement fund, nothing in the code imposes upon a member of the board of trustees of one of those boards the additional or ex officio duties of serving on the other board. Accordingly, I am of the opinion that an individual's simultaneous service on the municipal firefighters pension board and the municipal police officers pension board would violate Article II, section 5(a), Florida Constitution.
Similarly, service by the same person on the municipal general employees pension plan while also serving on either the firefighters pension board or the police officers pension board would appear to violate the constitutional prohibition against dual officeholding. The city code does not impose such additional duties on a member of the general employees pension plan. While the city code states that members of this board may serve on other boards formed by the city, I cannot conclude that such general language is sufficient to impose on such members the exofficio duties of serving on another board that constitutes an office for purposes of the constitutional dual officeholding provision.
The city code, however, does impose such ex officio duties on a city council member to serve on the general employees pension board. Such council member, who is to be appointed by the city council, may therefore serve on the general employees pension board without violating Article II, section 5(a), Florida Constitution. The city code does not, however, impose such exofficio duties on a member of the council to serve on either the police officers pension board or the firefighters pension board. In the absence of such an ex officio designation, a member of the city council could not simultaneously serve on either the police officers pension board or the firefighters pension board.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Ops. Att'y Gen. Fla. 96-24 (1996), 80-97 (1980) and 69-2 (1969).
[2] See State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[3] Id.
[4] See, e.g., Ops. Att'y Gen. Fla. 96-24 (1996), 94-98 (1994), and 86-106 (1986).
[5] See Op. Att'y Gen. Fla. 00-38 (2000).
[6] See ss. 50-201 and 50-202 of the Naples City Code.
[7] See, e.g., Op. Att'y Gen. Fla. 94-98 (1994); and City ofOrlando v. State Department of Insurance, 528 So.2d 468 (Fla. 1st DCA 1988).
[8] 394 So.2d 110, 112 (Fla. 1981).
[9] 528 So.2d 468 (Fla. 1st DCA 1988).
[10] And see Op. Att'y Gen. Fla. 81-72 (1981) (city council as legislative body of the municipality may impose by ordinance the ex officio duties of the office of city manager on the city clerk).
[11] See s. 50-401(b) of the city code. Cf. s. 185.05(1)(a), Fla. Stat., stating that the membership of the board of trustees for local plans for police officers only shall consist of five members, two of whom shall be appointed by the legislative body of the municipality and two of whom shall be elected by a majority of the police officers who are members of such plan with the fifth member selected by a majority of the previous four members.
[12] See s. 50-311(b) of the city code. Cf. s. 175.061(1)(a), Fla. Stat., stating that the membership of the board of trustees for local plans for firefighters only shall consist of five members, two of whom shall be appointed by the legislative body of the municipality and two of whom shall be elected by a majority of the firefighters who are members of such plan with the fifth member selected by a majority of the previous four members.
[13] Section 50-201(a) of the city code.
[14] Section 50-201(b) of the city code.