Ms. Mayra Diaz Buttacavoli Director of Human Resources and Risk Management City of Miami Beach 1700 Convention Center Drive Miami Beach, Florida 33139
Dear Ms. Buttacavoli:
According to your letter, you serve on the Board of Trustees of the City of Miami Beach Pension Fund for Firefighters and Police Officers (Fire and Police Pension Board) as an administration member appointee.[1]
Recently you have been appointed as Director of Human Resources and Risk Management for the City of Miami Beach.[2] In that capacity, you automatically serve as an ex officio member of the Firefighters Relief and Pension Fund Board, a Chapter 175 board.[3] In light of the above, you ask substantially the following question:
May you simultaneously serve on the city's Fire and Police Pension Board and on the Chapter 175 pension board?
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously serving in more than one state, county or municipal office. The prohibition applies to both elected and appointed offices.[4] There is no definition of the term "office" in the Constitution, although the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office . . . ."[5] Within the scope of the term are the concepts of tenure, duration and duties in exercising some portion of the sovereign power, conferred or defined by law rather than by contract. By contrast, an "employment" does not "comprehend a delegation of any part of the sovereign power."[6]
This office has previously stated that membership on a board of trustees empowered to administer a pension fund constitutes an "office" for purposes of Article II, section 5(a), Florida Constitution.[7] For example, in Attorney General Opinion 03-27 this office stated that the administration of public funds and the accomplishment of the responsibilities delegated under Chapter 175, Florida Statutes, by the board of trustees of a pension fund for firefighters represent the exercise of the sovereign powers of the state, and, therefore, denote an "office" rather than an employment. In Attorney General Opinion 90-45, this office concluded that membership on the board of trustees of a city's general pension fund — which administered and operated the general retirement system, including the establishment of uniform regulations for the administration of the fund, determining eligibility for participation in the fund and retirement allowances, conducting annual actuarial evaluations of the system, and processing applications for participation in the fund — was an office for purposes of dual officeholding.
You recognize that service on each the Chapter 175 and the Fire and Police Pension Boards constitutes an "office" for purposes of ArticleII, section 5(a), Florida Constitution. You ask, however, whether your service on both boards is permissible under the ex officio exception to the prohibition against dual officeholding.
While the constitution does not expressly provide an exception for exofficio service, it has long been settled in this state that the legislative designation of an officer to perform ex officio the functions of another or additional office does not violate the dual office holding prohibition, provided that the duties imposed are consistent with those already being exercised.[8] The ex officio exception exists when the enabling legislation authorizing the creation of the board in question designates a public officer to serve as a member of the board and thereby imposes additional or ex officio duties upon that office. The newly assigned duties are viewed as an addition to the existing duties of the office. The term "ex officio" means "by virtue or because of an office," and simply describes the manner by which a particular official may validly serve as a member of another board or commission — that is, by the Legislature's directing that official to serve as a member of and carry out the powers and duties of another office "because of an office" already held by him, when the duties of the two offices are not incompatible or inconsistent.
For example, in City of Orlando v. State Department of Insurance,[9]
the court concluded that where the statutes had been amended to authorize municipal officials to serve on the board of trustees of municipal police and firefighters' pensions trust funds, such provision did not violate the constitutional dual officeholding prohibition. In Attorney General Opinion 04-25, however, this office considered that while a city code required two police officers to serve on the board of trustees of the police officers' retirement fund and two firefighters to serve on the board of trustees of the firefighters' retirement fund, nothing in the code imposed upon a member of the board of trustees of one of those boards the additional or ex officio duties of serving on the other board. Thus, this office was of the opinion that an individual's simultaneous service on the municipal firefighters' pension board and the municipal police officers' pension board would violate Article II, section 5(a), Florida Constitution. This office also concluded that a city council member who served as an ex officio member of the general employees pension board was not authorized to serve on either the police officers pension board or the firefighters' pension board since the city code does not impose such ex officio duties on a member of the council.
The courts, however, has recognized a distinction between a statute imposing an additional or ex officio duties on the holder of an office and one authorizing the appointment of one officeholder to another distinct office. For example, the Supreme Court of Florida has pointed out that while additional duties may be validly imposed by the Legislature on a state office ex officio, a legislative attempt to authorize the Governor to appoint a state official to another separate and distinct office would be ineffectual under the constitutional dual office holding prohibition.[10] In that case, the Legislature passed an act making the chairman of the state road department a member of the state planning board. The Court held that the act simply placed additional duties on the chairman and, therefore, was constitutional. The act, however, also permitted the Governor to appoint state officials or employees to the board. The Court held that "[t]his provision [did] not impose additional duties on any particular State officer," but rather created a separate position, and thus violated the dual officeholding prohibition.[11]
In the instant inquiry, the city code requires you as Director of Human Resources to serve on the Firefighters Relief and Pension Fund Board. The city code, however, does not require your service on the Fire and Police Pension Board. While you serve on the Fire and Police Pension Board as an administration member appointee, nothing in the city code requires that the administration member appointee to the board be the human resources director. In light of your service on the Firefighters Relief and Pension Fund Board as Director of Human Resources, your service on the Fire and Police Pension Board, which is not required by the city code, appears to violate Article II, section 5(a), Florida Constitution, which was adopted to ensure that multiple state, county, and municipal offices would not be held by the same person.[12]
Accordingly, I am of the opinion that you may not simultaneously serve on the Pension Fund for Firefighters and Police Officers Board of Trustees and the Firefighters Relief and Pension Fund Board as Director of Human Resources.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Miami Beach City Code, Part IB, Related Special Acts, s. 61(a), creating a special fund to be known as the City Pension Fund for Firefighters and Police Officers in the City of Miami Beach; and s. 76(a) providing:
"The general administration and responsibility for the proper operation of the System is vested in a board consisting of three members of the City administration other than police officers, firefighters or the City manager, to be appointed by the mayor of the City, and three Employees of the fire department and three Employees of the police department, who shall be elected in accordance with subsection (b) of this section."
And see Miami Beach City Code, Part IB, Related Special Acts, s. 76(e) providing that each trustee of the Fire and Police Pension Board "shall after his appointment or election take an oath of office before the City clerk." (e.s.)
[2] See Part IB, Related Special Acts, s. 11, Miami Beach City Code, providing in part that "[t]he Director of Human Resources shall occupy a full-time position and be the head of the Human Resources department. He shall hold office until the next ensuing city election, and until his successor is duly appointed and qualified." (e.s.) Pursuant to Part IB, Related Special Acts, s. 12, Miami Beach City Code, the Director of Human Resources serves as a nonvoting member of the Personnel Board; that section also provides that "nonemployee" members of the board, except the Director of Human Resources, may be removed by the City Commission.
[3] See Part IB, Related Special Acts, s. 39, Miami Beach City Code ("There is hereby created a board of trustees of the Miami Beach Firemen's [Firefighters'] Relief and Pension Fund, which board shall consist of the fire chief, the director of personnel, the assistant city manager or other responsible officer or employee of the city appointed by him, and two employees of the fire division to be elected from among the participants of the fund by such participants"). And see Ch. 175, Fla. Stat., providing for the establishment of pension trust funds for firefighters in each municipality of the state. Under this statutory scheme, each municipality has a board of trustees of the firefighters' pension trust fund "which shall be solely responsible for administering the trust fund." Section 175.061(1), Fla. Stat.
[4] See State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[5] Id.
[6] See Ops. Att'y Gen. Fla. 96-24 (1996), 80-97 (1980) and 69-2 (1969).
[7] See, e.g., Ops. Att'y Gen. Fla. 96-24 (1996), 94-98 (1994), and 86-106 (1986).
[8] See, e.g., Bath Club, Inc. v. Dade County, 394 So.2d 110 (Fla. 1981).
[9] 528 So.2d 468 (Fla. 1st DCA 1988).
[10] Advisory Opinion to Governor, 1 So.2d 636 (Fla. 1941).
[11] Id.
[12] Bath Club, Inc. v. Dade County, 394 So.2d 110 (Fla. 1981) ("Article II, section 5[a] was manifestly fashioned to ensure that multiple state, county, and municipal offices will not be held by the same person").