Dear Commissioner Boisvenue:
You ask substantially the following question:
As an elected official in the City of Oakland Park, may you be appointed to the Broward County Planning Council?
You state that a Broward County Commissioner wishes to appoint you to the Broward County Planning Council. You currently serve as an elected official of the City of Oakland Park and are concerned about the constitutional dual office-holding prohibition contained in Article II, section 5(a), Florida Constitution.
Article II, section 5(a) of the Florida Constitution provides in pertinent part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
The above provision prohibits a person from simultaneously serving in more than one "office" under the governments of the state, counties, or municipalities. This office has concluded that the constitutional prohibition applies to both elected and appointed offices.[1] While the Constitution does not define the term "office," the courts have stated that the term "implies a delegation of a portion of the sovereign power . . . [and] embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract."[2]
Membership on the governing body of a unit of government, such as a municipality or county, clearly is an "office."[3] Membership on the Broward County Planning Council would also appear to be an office. The Council is created by the county charter and has the authority to hear and accept or reject a governmental entity's land use plan or amendments thereto.[4]
It has long been a settled rule in this state, however, that, assuming a particular officeholder is subject to the constitutional dual office-holding prohibition, a legislative designation of that officer to perform ex officio the function of another or additional office is not a holding of two offices at the same time in violation of the Constitution, provided the duties imposed are consistent with those being exercised.[5] The term "ex officio" means "by virtue or because of an office,"[6] and simply describes the manner by which a particular official may validly serve as a member of another board or commission — that is, by a legislative directive that the official serve as a member of and carry out the powers and duties of another office because of an office already held by the officeholder. The newly assigned duties are viewed as an addition to the existing duties of the officer.
For example, in Advisory Opinion to Governor,[7] the Florida Supreme Court held that the chairman of the State Road Department could serve as an ex officio member of the State Planning Board. In Attorney General Opinion 81-72, this office stated that a city council, as the legislative body of a municipality, could impose by ordinance the exofficio duties of the office of city manager on the city clerk.
In Attorney General Opinion 00-72, this office stated that a legislative designation that a representative from county government, the school district, the sheriff's office, the circuit court, and the county children's board serve on a Community Alliance constituted anex officio designation of officers from the enumerated governmental entities. Thus, this office concluded that public officers of the entities statutorily enumerated could serve on Community Alliances in anex officio capacity without violating the dual office-holding prohibition in section 5(a), Article II, Florida Constitution.[8]
The Broward County Charter, in establishing the Planning Council, provides that each county commissioner
"shall nominate two (2) individuals to serve on the Planning Council, subject to approval by a majority vote of the County Commission. With respect to each Commissioner's appointments, one (1) appointee shall be an elected municipal official of a Municipality within the Commissioner's District, and one (1) appointee shall be an elector not holding an elected public office who resides in the Commissioner's District. . . ."[9]
The charter's designation that an elected official of a municipality be nominated to serve on the planning council would appear to constitute an ex officio designation. The clear intent of the charter is that one of the two persons nominated by a county commissioner to serve on the council be an elected municipal official. In fact, the charter provides that if a member of the planning council is an elected municipal official and ceases to be an elected municipal official, the individual's membership on the council terminates and the position is deemed vacant.[10] Thus, under the analysis of Attorney General Opinion 00-72, the appointment of the elected municipal official to serve on the planning council would not violate Article II, section5(a), Florida Constitution.
Accordingly, I am of the opinion that your appointment to the Broward County Planning Council, as the county commissioner's nominee who is an elected municipal official of a municipality within the commissioner's district, does not violate the constitutional prohibition against dual office-holding contained in Article II, section 5(a), Florida Constitution.
[1] See, e.g., Op. Att'y Gen. Fla. 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).And see State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] See, e.g., Ops. Att'y Gen. Fla. 72-348 (1972) and 74-73 (1974), respectively.
[4] See Art. VIII of the Broward County Charter (Charter) which creates the planning council and authorizes it to employ personnel to assist it in carrying out its duties.
Section 8.05(D) of the Charter provides:
"A governmental entity shall submit to the Planning Council its land use plan, or amendments thereto, for review. No later than sixty (60) days from the date of submission, the Planning Council shall hold a public hearing to consider that plan for inclusion in the county Land Use Plan and/or certification. . . . The Planning County may, at this hearing, or a subsequent regular meeting, by simple majority of its membership, adopt or reject such inclusion and/or certification of, or amendment to, such governmental land use plan. . . ."
Pursuant to s. 8.05(E), until such time as the governmental entity's plan is in substantial conformity with the County Land Use Plan, asinterpreted by the Planning Council, the County Land Use Plan will be the effective plan for the governmental entity involved. The Planning Council would not, therefore, appear to fall within the exception provided in Art. II, s. 5(a), Fla. Const., for statutory bodies possessing advisory powers. Cf. Ops. Att'y Gen. Fla. 89-25 (1989) and 90-33 (1990) (constitutional provision does not provide for or recognize an exception for statutory bodies whose powers are substantially or predominately advisory).
[5] See, State v. Florida State Turnpike Authority, 80 So. 2d 337, 338
(Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939);City of Riviera Beach v. Palm Beach County Solid Waste Authority,502 So. 2d 1335 (Fla. 4th DCA 1987) (special act authorizing county commissioners to sit as members of county solid waste authority does not violate Art. II, s. 5, Fla. Const.); City of Orlando v. State Departmentof Insurance, 528 So. 2d 468 (Fla. 1st DCA 1988).
[6] Webster's Third New International Dictionary, p. 797 (unabridged ed. 1981).
[7] 1 So. 2d 636 (Fla. 1941).
[8] And see, Ops. Att'y Gen. Fla. 80-97 (1980) (membership of elected municipal officer on metropolitan planning organization as prescribed by statute does not violate Art. II, s. 5, Fla. Const.), 02-44 (2002) and 03-20 (2003).
[9] Section 8.02(C) of the Charter.
[10] 8.03(A) of the Charter.