Dear Mr. Marino:
On behalf of the Belleair Beach City Council, you ask the following question:
May the Belleair Beach City Council appoint the same person to fill two charter offices to exercise the power of the sovereign, namely the office of the city manager and the office of the city clerk, without violating the prohibition against dual office holding as provided for in Article II, section 5(a) of the Florida Constitution?
Article II, section 5(a) of the Florida Constitution, provides in pertinent part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
The above provision prohibits a person from simultaneously serving in more than one "office" under the governments of the state, counties, or municipalities. This office has concluded that the constitutional prohibition applies to both elected and appointed offices.[1] While the Constitution does not define the term "office," the courts have stated that the term "implies a delegation of a portion of the sovereign power . . . [and] embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract."[2]
You state that the two positions, that of city manager and of city clerk, exercise the sovereign power. Moreover, I note that section 4.01 of the Belleair Beach City Charter designates the city manager, city clerk, and city treasurer as charter officers.[3]
Thus, the holding of two separate offices by an individual would violate the provisions of Article II, section 5(a), Florida Constitution.
It has long been a settled rule in this state, however, that, assuming a particular officeholder is subject to the constitutional dual office holding prohibition, a legislative designation of that officer to perform ex officio the function of another or additional office is not a holding of two offices at the same time in violation of the Constitution, provided the duties imposed are consistent with those being exercised.[4] Rather, the newly assigned duties are viewed as an addition to the existing duties of the officer.[5]
For example, in Advisory Opinion to Governor,[6] the Florida Supreme Court determined that the chairman of the State Road Department could serve as an ex officio member of the State Planning Board. The Court pointed out, however, that while additional duties may be validly imposed by the Legislature on a state office ex officio, a legislative attempt to authorize the Governor to appoint a state official to another separate and distinct office would be ineffectual under the constitutional dual office holding prohibition. Thus, there is a distinction between a statute or code provision imposing an exofficio position on the holder of another office and one authorizing the appointment of one officeholder to another distinct office.
This office has also recognized that when ex officio duties are imposed, Article II, section 5(a), Florida Constitution, is not violated. For example, in Attorney General Opinion 81-72, this office stated that a city council, as the legislative body of a municipality, could impose by ordinance the ex officio duties of the office of the city manager on the office of the city clerk. Similarly, this office in Attorney General 91-48 concluded that while the city commission could not appoint the city manager to simultaneously serve as the city clerk, the charter could impose the duties of the clerk as additional exofficio duties on the office of the city manager. Attorney General Opinion 93-42 concluded that a municipality could legislatively merge the offices of fire chief and community redevelopment director into one office and have the one officer perform ex officio duties of the other office.[7] However, as this office noted in Attorney General 70-46, it was doubtful that the city commissioner could also be municipal judge where the charter created the office of municipal judge as a separate and distinct office and did not designate that office as an exofficio office to be performed by the city commissioner.
Thus, while the Belleair Beach City Council would be precluded from appointing the city clerk to also serve as city manager, the city charter could be amended to provide that the city manager shall also perform the duties of the city clerk. Such an ex officio designation imposing the duties of one office on another office, rather than on the specific individual who was serving in such office, would not violate the provisions of Article II, section 5(a), Florida Constitution.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] See, e.g., Op. Att'y Gen. Fla. 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] And see ss. 3.01 and 3.02 of the Belleair Beach Charter, providing that the city manager is the chief executive officer of the city government and has the authority to, among others things, execute all contracts, deeds and other documents approved by the city council, appoint and, when deemed necessary for the good of the city, suspend or remove any city employee or appointed administrative officer whom he has the authority to appoint under the charter, and direct and supervise the administration of all departments, offices and agencies of the city, except as otherwise provided by this Charter or by law. See also s. 4.04 of the Charter setting forth the duties of the clerk including the responsibility of acting as supervisor of elections for the city.Cf. Ops. Att'y Gen. Fla. 80-97 (1980) (city manager is officer for dual office holding prohibition); 86-11 (1986) (city administrator is officer); and 96-48 (1996) (city clerk in charge of elections is an officer).
[4] See, State v. Florida State Turnpike Authority, 80 So. 2d 337, 338
(Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939);City of Riviera Beach v. Palm Beach County Solid Waste Authority,502 So. 2d 1335 (Fla. 4th DCA 1987) (special act authorizing county commissioners to sit as members of county solid waste authority does not violate Art. II, s. 5(a), Fla. Const.); City of Orlando v. StateDepartment of Insurance, 528 So. 2d 468 (Fla. 1st DCA 1988) (where the statutes had been amended to authorize municipal officials to serve on the board of trustees of municipal police and firefighters' pensions trust funds, such provision did not violate the constitutional dual office holding prohibition).
[5] See Webster's Third New International Dictionary, Ex officio, p. 797 (unabridged ed. 1981) ("ex officio" means "by virtue or because of an office").
[6] 1 So. 2d 636 (Fla. 1941).
[7] And see Ops. Att'y Gen. Fla. 80-97 (1980) (membership of elected municipal officer on metropolitan planning organization as prescribed by statute does not violate Art. II, s. 5(a), Fla. Const.); 94-66 (1994) (designation by county ordinance that county commissioners would perform the functions of the board of adjustment appeared to be an exofficio designation and did not violate the dual office holding prohibition); 94-98 (1994) (imposition of additional duties on the mayor or other city council members under the city code to serve on the board of trustees of the police officers' and firefighters' pension trust fund would not violate Art. II, s. 5(a), Fla. Const); and 00-72 (2000) (legislative designation that a representative from county government, the school district, the sheriff's office, the circuit court, and the county children's board serve on a Community Alliance constituted anex officio designation of officers from the enumerated governmental entities). Cf. Op. Att'y Gen. Fla. 90-45 (1990), in which this office concluded that a member of the civil service board could not be appointed to the board of trustees of the general pension trust board since there was no ex officio designation imposing the duties of one office on the other.